UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23CR83 HEA |
| ) | |
| ANTON BOLDEN, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge John M. Bodenhausen as to Defendant's Motion to Dismiss the Indictment, [Doc. No. 70] and Motion to Suppress Evidence, [Doc. No. 71]. Judge Bodenhausen held a hearing on the Motion on September 26, 2024. In his October 21, 2024 Report and Recommendation, Judge Bodenhausen recommended Defendant's Motions be denied.  Defendant has filed written objections to these recommendations. For the reasons set forth below, the objections are overruled, and the Court will adopt Judge Bodenhausen's Report and Recommendations.

The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Defendant objects. See 28 U.S,C. 636(b)(1)(A). The Court has fully considered the briefs filed on the original motions as well as

the post hearing briefs, and the objections. The Court has independently researched the controlling law. After fully considering all of these matters, the Court will adopt and sustain the thorough reasoning of Judge Bodenhausen as set out in his Report and Recommendation.

## Discussion

**Count Four-Violation of 18 U.S.C. § 922(g)(1)**

In his Report and Recommendations, Judge Bodenhausen discusses at length the Supreme Court decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *United States v. Rahimi*, 144 S. Ct. 1889 (2024). Thereafter, Judge Bodenhausen concludes, based on the Eighth Circuit opinion in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) ("*Jackson II*"), that 18 U.S.C. § 922(g)(1) is constitutional. Defendant's challenge therefore to the constitutionality of Section 922(g)(1) is without merit. *See United .States v. Anderson,* No. 24-1562, 2024 WL 4903490, at *1 (8th Cir. Nov. 27, 2024):

> On remand, our panels again ruled that § 922(g)(1) is not unconstitutional. *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024) (*Jackson II*); *United States v. Cunningham*, 114 F.4th 671 (8th Cir. 2024) (*Cunningham II*). *Jackson* and *Cunningham* petitioned for rehearing en banc. This appeal was submitted after oral argument on October 25, 2024, with the Jackson II and Cunningham II petitions for rehearing still pending. A divided en banc Court has now denied panel rehearing and rehearing en banc in both cases. Order, United States v. Jackson, No. 22-2870, 2024 WL 4683965 (8th Cir. Nov. 5, 2024); Order, United States v. Cunningham, No. 22-1080, 2024 WL 4683878 (8th Cir. Nov. 5, 2024). These two Eighth Circuit decisions, which the district court properly ruled to be controlling precedent, are now final,

subject to further Supreme Court review. We therefore affirm the judgment of the district court.

Defendant's objection as to Count Four is overruled.

**Count One- Violation of 18 U.S.C. § 922(o)**

As discussed in the Report and Recommendation, the Eighth Circuit has articulated that a defendant's possession of a machine gun is not protected by the Second Amendment. *See United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008). Indeed, the Eighth Circuit has recently reaffirmed this holding. *See United States v. Dolphin*, No. 24-2040, 2024 WL 4799546, at *1 (8th Cir. Nov. 15, 2024)(citing *Fincher's* conclusion that "defendant's possession of machineguns 'not protected by the Second Amendment'").

Defendant argues ATF data fixes the number possessed lawfully at more than 740,000. He therefore argues the rationale in *Fincher* no longer applies as the ATF statistics establish machineguns are not "unusual." He draws on Justice Alito's concurrence in *Caetano v. Massachusetts*, which concluded that the state's categorical ban on stun guns was unconstitutional due to the wide ownership of the device. 577 U.S. 411, 420, 136 S.Ct. 1027, 194 L.Ed.2d 99 (2016) (Alito, J., concurring).

A court in the Sixth circuit recently rejected a nearly identical argument, pointing out that Justice Alito's reasoning did not secure a majority of the Court and that *Caetano* concerned a weapon designed to be non-lethal, something that

3

cannot be said for machineguns. *United States v. Johnson*, No. CR 24-20083, 2024 WL 4612888, at *11 (E.D. Mich. Oct. 29, 2024).

> [T]he defendant's arguments consistently have been rejected by the many courts nationally that have considered the constitutionality of section 922(o). The federal appellate courts to consider the issue after *Heller* uniformly have concluded that these weapons do not warrant constitutional protection because they are not commonly used and are dangerous and unusual. E.g., *United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804*, 822 F.3d 136, 142 (3d Cir. 2016) ("[W]e repeat today that the Second Amendment does not protect the possession of machine guns."); *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) ("Machineguns are dangerous and unusual and therefore not in common use. They do not receive Second Amendment protection."); *Friedman v. City of Highland Park*, 784 F.3d 406, 408 (7th Cir. 2015) ("*Heller* deemed a ban on private possession of machine guns to be obviously valid."); *United States v. Henry*, 688 F.3d 637, 640 (9th Cir. 2012) ("We agree with the reasoning of our sister circuits that machine guns are 'dangerous and unusual weapons' that are not protected by the Second Amendment."); *United States v. Fincher*, 538 F.3d 868, 874 (8th Cir. 2008) ("Accordingly, under *Heller,* Fincher's possession of the guns is not protected by the Second Amendment."); *United States v. Zaleski*, 489 F. App'x 474, 475 (2d Cir. 2012) ("[T]he Second Amendment does not protect Zaleski's personal possession of machine guns."). Similarly, after *Bruen*, the consensus among district courts remains that machineguns are not covered by the plain text of the Second Amendment. See *Mitchell*, 2024 WL 2272275, at *5 (collecting cases); see also United States v. Cousar, No. 23-10004, 2024 WL 1406898, at *13 n.103 (D. Kan. Apr. 2, 2024) (collecting cases); *United States v. Lane*, 689 F. Supp. 3d 232, 252 (E.D. Va. 2023); *United States v. Simien*, 655 F. Supp. 3d 540, 553 (W.D. Tex. 2023).

*Id*, 2024 WL 4612888, at *11 (E.D. Mich. Oct. 29, 2024). Defendant's objection to Judge Bodenhausen's recommendation regarding Count One is overruled.

**Motion to Suppress**

4

Defendant challenges the finding that the A.T.F.'s agent's recording of the alleged interaction between Defendant and the agent was lawful., arguing Title III requires government officials to obtain judicial authorization for intercepting communications. Defendant attempts to distinguish 18 U.S.C. § 2511, which states, "[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept wire, oral, or electronic communication, where such person is a party to the communication…" Defendant presents nothing to controvert the "long standing caselaw" cited by Judge Bodenhausen in finding no Title III or Fourth Amendment violations.

Judge Bodenhausen addresses all of Defendant's arguments in his Report and Recommendation. Defendant's objection to the recommendation to deny the motion to suppress is overruled.

## Conclusion

The Court has fully considered the briefs filed on the original motions as well as the objections. The Court has additionally independently researched the controlling law. After fully considering all of these matters, the Court will adopt and sustain the thorough reasoning of Judge Bodenhausen as set out in his Report and Recommendations.

Accordingly,

5

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts I, III, and IV of the Indictment [ECF No. 70], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [ECF No. 71], is **DENIED**.

Dated this 13th day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE